UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ALIDU MORO,

                    Petitioner,

v.                                                          No. 6:26-CV-00218-H

WARDEN, EDEN DETENTION
CENTER,

                    Respondent.

## ORDER

Petitioner's wife filed a petition for writ of habeas corpus on his behalf. Dkt. No. 1. The Court found that the case could not proceed as filed by Petitioner's wife and provided Petitioner an opportunity to pursue habeas relief on his own behalf. Dkt. No. 4. Now, as explained below, the Court finds that the petition must be dismissed because Petitioner failed to cure the filing deficiencies and his current address is unknown.

On May 20, 2026, the Court entered an order and notice of deficiency requiring Petitioner to file a signed, amended petition within 30 days if he wanted to pursue habeas relief. Dkt. No. 4. The Court warned Petitioner that failure to comply could result in the dismissal of this case. *Id.* Petitioner did not respond to or comply with the May 20 order.

Then the Court entered a deficiency show cause order, requiring Petitioner to cure the filing deficiency or show cause why his petition should not be dismissed for want of prosecution within 14 days. Dkt. No. 6. Again, the Court warned Petitioner that his failure to comply would result in the dismissal of this action.

The deficiency show cause order was mailed to Petitioner at his last-known address—the Eden Detention Center—but the envelope was returned to the Clerk unopened and marked "No Longer Here," and "return to sender, not deliverable as addressed, unable to forward." Dkt. No. 7. Petitioner has not provided the Court with his current address, which is required. *See*

N.D. Tex. Civ. R. 83.13, 83.14. Moreover, Petitioner did not file the required amended petition, and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing deficiency or otherwise shown any interest in pursuing his claims and his address is unknown. The Court, therefore, dismisses the petition for writ of habeas corpus without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

So ordered.

The Court will enter judgment accordingly.

Dated August 14, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge